UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CAJA AYALA,<br><br>Petitioner,<br><br>v.<br><br>TODD LYONS, et al.,<br><br>Respondents. | No. 1:26-cv-03173-DAD-CSK<br><br><br>ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING RESPONDENTS' MOTION TO DISMISS<br><br>(Doc. Nos. 1, 2, 6) |

This matter is before the court on petitioner's petition for writ of habeas corpus (Doc. No. 1), petitioner's motion for temporary restraining order (Doc. No. 2), and respondents' motion to dismiss (Doc. No. 6). For the reasons explained below, the court will deny petitioner's habeas petition without prejudice, deny petitioner's motion for temporary restraining as moot, and deny respondents' motion to dismiss as moot.

On April 27, 2026, petitioner Mario Caja Ayala, proceeding *pro se*, filed a petition for writ of habeas corpus challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release and an order requiring respondents to treat his

1

medical conditions.  (Doc. No. 2 at 6–7.)  Petitioner argues that his detention violates the Fifth Amendment Due Process Clause and the Immigration and Nationality Act ("INA").  (Doc. No. 1 at 6–9.)  In support of his petition and motion for temporary restraining order, petitioner provides evidence of the following by way of his sworn declaration.

Petitioner entered the United States in 1989.  (*Id.* at 14.)  He has four adult children who are all United States citizens.  (*Id.*)  Petitioner was convicted for "DUI" more than twenty years ago but otherwise does not have any criminal history.  (*Id.* at 15.)  Petitioner was detained by immigration authorities on December 16, 2025.  (*Id.* at 14.)  Petitioner also claims he is not receiving adequate medical care while in detention.  (*Id.* at 16.)

On April 27, 2026, the court issued a minute order setting a briefing schedule on petitioner's motion for temporary restraining order and directed respondents to indicate if they were opposed to the court ruling on the merits of the petition based on the briefing currently before the court.  (Doc. No. 5.)  On April 29, 2026, respondents filed a combined opposition to petitioner's motion for temporary and motion to dismiss.[1]  (Doc. No. 6.)  Therein, respondents do not state any opposition to the court ruling on the merits of the habeas petition based on the briefing currently submitted.  (*Id.*)  In support of their opposition, respondents provide evidence of the following.

Petitioner filed an asylum application on June 7, 2017, which was denied on August 23, 2017.  (Doc. No. 6-1 at 2.)  On August 29, 2017, petitioner was served with a Notice to Appear for removal proceedings.  (*Id.*)  Petitioner was granted cancellation of removal pursuant to 8 U.S.C. § 1229b(b) by an Immigration Judge ("IJ") on March 9, 2023.[2]  (Doc. No. 6-2 at 4.)  The

---

[1]  The court will deny respondents' motion to dismiss as being rendered in moot in light of this order denying the habeas petition.  The court also notes that respondents have not properly noticed their motion to dismiss pursuant to Local Rule 230.

[2]  "'The Attorney General may cancel removal' of 'inadmissible or deportable' aliens in certain circumstances.  *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 999 (9th Cir. 2025) (quoting 8 U.S.C. § 1229b(b)).  With regard to noncitizens who are not lawful permanent residents of the United States, the noncitizen must first meet the four statutory requirements of § 1229b(b)(1).  *Id.*  If the noncitizen "meets the four requirements and establishes eligibility under § 1229b(b)(1)(A)–(D), the agency may exercise its discretion to cancel the alien's removal."  *Id.* (citing *Wilkinson v. Garland*, 601 U.S. 209, 212–13 & n.1 (2024)).

2

Department of Homeland Security ("DHS") appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (*Id.*) On April 20, 2026, the BIA sustained DHS's appeal, vacated the IJ's order granting petitioner cancellation of removal, and purported to order petitioner removed from the United States to Mexico. (*Id.* at 6.)

Petitioner argues that his present detention violates due process because it does not bear a reasonable relation to a legitimate government purpose and has become unreasonably prolonged. (Doc. No. 1 at 6–7.) Respondents argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(2) and is therefore subject to mandatory detention for 90 days. (Doc. No. 6 at 3–4.)

This case presents complex issues regarding the applicable statutory basis for detention and when a removal order becomes final where a cancellation of removal has been issued and is then later vacated. Unfortunately, neither the *pro se* petitioner, unsurprisingly, nor counsel for respondents have adequately addressed these issues. Therefore, the court will do its best to do so.

The applicable detention authority in this case may well hinge on whether petitioner is currently subject to a removal order that has become final. In this regard, the Ninth Circuit has explained as follows:

> Section 1231(a) applies to detention after the entry of a final order of removal. In contrast to Subsections A and C [of section 1226], Section 1231(a) does not apply to detention during the pendency of administrative or judicial removal proceedings. Section 1231 instead governs detention during a ninety-day "removal period" after the conclusion of removal proceedings. *Id.* § 1231(a)(1)–(2). This "removal period" begins on the latest of either (1) the date a noncitizen's "order of removal becomes administratively final," (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement. *Id.* § 1231(a)(1)(B)(i)–(iii).

*Avilez v. Garland*, 69 F.4th 525, 530–531 (9th Cir. 2023).

Here, as noted above, an IJ granted petitioner cancellation of removal on March 9, 2023. (Doc. No. 6-2 at 4.) However, on April 20, 2026, the BIA vacated the IJ's order granting cancellation of removal and purported to order petitioner removed from the United States to Mexico. (*Id.* at 6.) Respondents argue in a contradictory fashion that petitioner's removal order became final when the BIA vacated the IJ's granting of cancellation of his removal "unless

3

Petitioner receives a judicial stay of removal from a federal court of appeals." (Doc. No. 6 at 2.) Nothing now before the court suggests that petitioner has appealed the BIA's order. Whether petitioner's removal order became final upon the IJ's finding of removability in 2023 or upon the BIA's order vacating the IJ's grant of cancellation of removal in 2026, the order is administratively final because the time to appeal from that order appears to have passed. *See* 8 U.S.C § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *cf. Riley v. Bondi*, 606 U.S. 259, 277 (2025) (holding that "§ 1252's 30-day filing rule is not jurisdictional"). Thus, petitioner may now be subject to detention pursuant to § 1231, although the question remains whether that detention is mandatory pursuant to § 1231(a)(2) or discretionary pursuant to § 1231(a)(6).

Respondents argue that petitioner is subject to mandatory detention pursuant to § 1231(a)(2) because he is within the 90-day removal period following the BIA's order vacating petitioner's grant of cancellation of removal. (Doc. No. 6 at 2–4.) However, for the reasons discussed below, this is incorrect. The Ninth Circuit has previously "noted that the BIA lacks statutory authority to enter orders of removal and held that any attempt by the BIA to do so was a 'legal nullity.'" *Lolong v. Gonzales*, 484 F.3d 1173 (9th Cir. 2007) (quoting *Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 883–84 (9th Cir.2003)). The court further explained:

> The IJ's grant of relief, whether in the form of asylum or withholding of removal on other grounds, necessarily requires the IJ to have already determined that the alien is deportable. Under the INA, this determination by the IJ constitutes an "order of deportation." 8 U.S.C. § 1101(a)(47) (defining an "order of deportation" to include both an "order . . . concluding that the alien is deportable" and one "ordering deportation"). Thus, where the BIA reverses an IJ's grant of relief that, by definition, follows an initial determination by the IJ that the alien is in fact removable, an order of deportation has already been properly entered by the IJ. In such cases, therefore, the BIA does not enter an order of deportation in the first instance when it orders the alien removed. Rather, the BIA simply reinstates the order of removal that has already been entered by the IJ and that would have taken effect but for the IJ's subsequent cancellation of removal. Reinstating a prior order of removal by eliminating the impediment to that order's enforcement is entirely consistent with the BIA's appellate role.

*Lolong*, 484 F.3d at 1177 & n.2 ("In this context, the terms 'deportable' and 'deportation' can be used interchangeably with the terms 'removable' and 'removal,' respectively.") The Ninth

4

Circuit summarized its explanation in this regard as follows, "where the IJ has previously determined that the alien is removable but grants cancellation of removal, the BIA's decision to reverse the cancellation of removal reinstates the initial finding of removability, which, under the statute, is effectively an order of removal." *Lolong*, 484 F.3d at 1178.  The court therefore concludes that petitioner became subject to a final removal order following the IJ's determination of his removability in 2023.  *See Nasrallah v. Barr*, 590 U.S. 573, 581 (2020) ("[A] final 'order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'") (quoting 8 U.S.C. § 1101(a)(47)(A)); *Johnson v. Guzman Chavez*, 594 U.S. 523, 539 (2021) ("[T]he finality of the order of removal does not depend in any way on the outcome of the withholding-only proceedings.").  Because petitioner's removal order became final more than 90-days ago, he is subject to discretionary detention pursuant to § 1231(a)(6), which allows the Attorney General to detain a noncitizen past the removal period.[3]  *See Johnson*, 594 U.S. at 528–29 (explaining when detention may continue past the 90-day removal period and the applicability of § 1231(a)(6)).

Having determined the relevant detention authority, the court turns to the lawfulness of petitioner's current detention.  "A noncitizen may only be held in confinement until 'it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'"  *Vlasov v. Bondi*, No. 25-cv-01342-AJB-MSB, 2025 WL 2258582, at *2 (S.D. Cal. Aug. 7, 2025) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001)).  "A six-month period of detention is presumptively reasonable." *Vlasov*, 2025 WL 2258582, at *2.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.  Immigration detainees who have been in post-removal detention for more than 90 days, but less than six months may challenge the lawfulness of their detention "by establishing that there is no significant likelihood of removal in

---

[3]  In light of this court's determination that petitioner may be detained pursuant to § 1231(a)(6), the court will deny habeas relief as to petitioner's third claim that he is being unlawfully detained pursuant to § 1226(c), and his fourth claim that he is entitled a bond hearing pursuant to § 1226(a).  (*See* Doc. No. 1 at 8–9.)

the reasonably foreseeable future." *Abramian v. Bondi*, No. 25-cv-03080-DMG-SP, 2026 WL 166907, at *5 (C.D. Cal. Jan. 16, 2026). "[W]ithin the six-month period, 'the petitioner must claim and *prove* [ ] that his removal is not reasonably foreseeable' to overcome the presumption." *Ndandu v. Noem*, 819 F. Supp. 3d 1155 (S.D. Cal. 2026) (quoting *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 398 (D.N.J. 2025) (emphasis in original)).

Here, petitioner's detention has continued for approximately five and a half months.[4] (Doc. No. 1 at 4.)  Petitioner has not alleged that his removal is not reasonably foreseeable in light of the BIA's order reversing his grant of cancellation of removal.  Further, respondents have represented that they are prepared to swiftly remove petitioner to Mexico absent a judicial stay of removal, although they have not provided evidence in support of this representation.  (Doc. No. 6 at 4.)  Still, petitioner has made no showing that there is not a significant likelihood of his removal in the reasonably foreseeable future and the court therefore rejects his claims (Doc. No. 1 at 6–8) that his detention violates due process.  *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1065 (9th Cir. 2008) ("There is nothing, such as a lack of a repatriation agreement with his home country or a finding that he merits mandatory relief from removal, that would prevent Prieto–Romero's removal to Mexico if he is ultimately unsuccessful in his petition for review."); *cf. D.S. v. Julio Hernandez, et al.*, No. 2:26-cv-01328-JNW, 2026 WL 1408517, at *3 (W.D. Wash. May 20, 2026) (finding that the petitioner's removal to Laos was not significantly likely in the reasonably foreseeable future where the petitioner did not have a travel document to Laos, did not have a Laotian passport, and DHS did not provide any assurances of when a travel document may be obtained).

The court will therefore deny habeas relief as to petitioner's due process claims without prejudice because petitioner may be properly detained pursuant to § 1231(a)(6), he has been

/////

---

[4] The petition in this case was filed on April 27, 2026 (Doc. No. 1) and on that same date the court ordered that pending the issuance of an order resolving the motion for temporary restraining order, and unless and until the court orders otherwise, respondents were not take any action to remove petitioner from the United States or to move petitioner out of the Eastern District of California. (Doc. No. 5.)  That order obviously may have played a role in petitioner not being removed over the past 30 days.

detained for less than six months, and he has not claimed or made any showing that his removal to Mexico is not significantly likely in the reasonably foreseeable future.[5]

Petitioner also alleges that respondents have violated the Due Process Clause because they have been deliberately indifferent to his medical needs. (Doc. No. 1 at ¶¶ 39–41.)  These claims challenge the conditions of petitioner's confinement, which may not be brought pursuant to § 2241. *See Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023) (affirming the district court's dismissal of the habeas petition for lack of subject matter jurisdiction regarding conditions of confinement claims); *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024) ("*Pinson* solidified the rule that a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement."); *cf. Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (explaining it need not reach the issue of whether conditions of confinement may be remedied on habeas review because plaintiffs brought, "a class action complaint for declaratory and injunctive relief seeking to remedy allegedly unconstitutional conditions at Adelanto[]" and invoked jurisdiction pursuant to 28 U.S.C. § 1331).  Petitioner has only invoked this court's jurisdiction pursuant to § 2241, not § 1331.  The court will therefore deny relief as to petitioner's claims five and six without prejudice because such claims may not be brought pursuant to § 2241.

Based on the foregoing, the court will deny petitioner's habeas petition without prejudice on the briefing currently before the court. *See Pinson*, 69 F.4th at 1065 ("[D]istrict courts are expected to take an active role in summarily disposing of facially defective habeas petitions . . .) (internal quotations and citations omitted).

For the reasons above,

1.   Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED without Prejudice to the filing of a new, properly supported petition as explained above;

2.   Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as moot in light of this order denying the pending petition on the merits;

[5] The court notes that if petitioner is not expeditiously removed, and his detention passes the six month threshold, he certainly may file a new habeas petition properly alleging a claim that his removal is not significantly likely in the reasonably foreseeable future and making an appropriate showing in support of that claim.

7

3.    Respondents' motion to dismiss (Doc. No. 6) is DENIED as having been rendered moot in light of this order denying the pending petition;

4.    The court's order that petitioner not be transferred or removed pending the court's resolution of petitioner's motion for temporary restraining order (Doc. No. 5) is hereby DISSOLVED in light of this order; and

5.    The Clerk of the Court is directed to serve a copy of this order on petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **May 28, 2026**                       _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE